1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

| | |
|---|---|
| DAMIAN GARZA CANTU, | CASE NO.: 1:16-CV-3206-TOR |
| Plaintiff, | ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS |
| v. | |
| YAKIMA COUNTY, JOSEPH BRUSIC, PATRICIA POWERS, CARL MUNSON, & UNKNOWN INDIVIDUALS, | |
| Defendants. | |

14
15      BEFORE THE COURT is Defendants' Renewed FRCP 12(b)(6) Motion to
16 Dismiss Plaintiff's Second Amended Complaint.  ECF No. 17.  This matter was
17 heard without oral argument.  The Court has reviewed the briefing, the record, and
18 the files herein, and is fully informed.
19 //
20 //

ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS ~ 1

**BACKGROUND**

This action concerns the mistaken placement, for nearly two decades, of a rape conviction on Plaintiff's criminal record. *See* ECF No. 5. On October 21, 2016, Plaintiff sued Defendants in the Washington State Superior Court for Yakima County styled, *Damian Garza Cantu v. Yakima County, et al.*, case no. 16-2-03007-39. ECF No. 2-2 at 9-18. Defendants timely removed that action to this Court pursuant to 28 U.S.C. § 1443. ECF No. 1. On December 20, 2016, Plaintiff filed an Amended Complaint alleging various federal claims under 42 U.S.C. § 1983, in addition to an assortment of state law claims. ECF No. 5. This Court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims pursuant to the federal question jurisdiction statute, 28 U.S.C. § 1331, and pendant jurisdiction of the remaining state law claims under the supplemental jurisdiction statute, 28 U.S.C. § 1367(a).

On February 15, 2017, this Court granted Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (hereinafter, the "Order"). *See* ECF Nos. 3, 14. The Court dismissed Plaintiff's 42 U.S.C. § 1983 federal causes of action as time-barred and for failure to state a claim. ECF No. 14 at 13-16. The Court declined to dismiss Plaintiff's state law claims, but noted that absent amendment, the statute of limitations would require the Court to dismiss the entire case. *Id.* at 19. The Court granted Plaintiff leave to file another amended complaint. *Id.* at 18.

ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS ~ 2

1    On March 16, 2017, Plaintiff filed his Second Amended Complaint for

2  Relief and Damages and Jury Trial Demand.  ECF No. 15.  Plaintiff asserted new

3  claims for nuisance and violations of WAC 446-20-140, in addition to his existing

4  defamation, defamation per se, negligent infliction of emotional distress,

5  negligence and gross negligence, outrage, 42 U.S.C. § 1983 violations, negligent

6  hiring and supervision, and invasion of privacy by false light claims.  ECF No. 15.

7  Plaintiff also added Defendants Joseph Brusic, Patricia Powers, and Carl Munson.

8  ECF No. 15.  Plaintiff reasserted claims against the Yakima County Clerk's Office

9  and Yakima County Prosecuting Attorney's Office despite that the Court dismissed

10  them from this action with prejudice.  ECF No. 14 at 6.

11    Defendants now move to dismiss all of Plaintiff's claims.  ECF No. 17.

12                                **FACTS**

13    The following facts are drawn from Plaintiff's Second Amended Complaint,

14  *see* ECF No. 15, and are accepted as true for purposes of the instant motion.  *Bell*

15  *Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007).

16    On September 6, 1996, Damian Eduardo Gutierrez Cantu ("Gutierrez"))

17  pleaded guilty in Yakima County Superior Court to Third Degree Rape.  *See* ECF

18  No. 15 at 2, 4-5, ¶¶ 3.1, 3.8-3.11; ECF No. 18 at 2.  On January 23, 1997, a

19  Yakima County Deputy Clerk filed a document erroneously identifying the

20  convicted defendant as "Damian Garza Cantu," and also erroneously using

ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS ~ 3

1   Plaintiff's date of birth.  ECF No. 15 at 5, ¶ 3.11.  Thereafter, Gutierrez' conviction

2   was associated with Plaintiff's criminal history record in the Judicial Information

3   Systems ("JIS"), on a case information sheet, and in the Washington State Patrol's

4   Washington Access to Criminal History ("WATCH") database.  *Id.* at ¶ 3.12.

5        Between 1997 and 2002, Plaintiff was unable to obtain a job that could lead

6   to advancement and was routinely laid off without reason.  *Id.* at 6, ¶¶ 3.14-3.15.

7   During the summer of 2002, Plaintiff was informed that he was being fired

8   "because he had raped someone" according to a failed background check.  *Id.* at

9   ¶ 3.16.  Immediately thereafter, Plaintiff went to the Yakima County Clerk's Office

10  (where he lived at the time) to inquire about the rape.  *Id.* at ¶ 3.17.  Plaintiff was

11  instructed by a Yakima County Clerk to obtain fingerprints at the Yakima County

12  Sheriff's Department and was provided a number to call someone in Olympia,

13  Washington about "his incorrect criminal history."  *Id.* at 6-7, ¶¶ 3.17-3.19.

14  Plaintiff was told by the Yakima County Clerk's Office that "the criminal history

15  problem would be fixed" and "not to worry."  *Id.* at 7, ¶ 3.20.  Similarly, Plaintiff

16  was informed by someone in Olympia that "his record would be corrected" upon

17  payment of a $30 fee.  *Id*. at 7-8, ¶ 3.21.  A few days later, that same unidentified

18  individual told Plaintiff that "everything would be fine" and requested an

19  additional $30 fee; Plaintiff paid.  *Id.*

20

ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS ~ 4

1    Plaintiff had no further contact with anyone or any knowledge about

2    documents created or filed to correct his record.  *See id.* 8-10, at ¶¶ 3.22-3.28, 3.30.

3    Plaintiff believed that the erroneous criminal conviction was removed from his

4    record.  *Id.* at 11, 13, ¶¶ 3.39, 3.50.

5        Despite steps taken in 2002 by the Yakima County Sherriff's Office,

6    Prosecuting Attorney, and Superior Court, the incorrect information was not

7    removed from Plaintiff's criminal record.  *See id.* at 10, ¶ 3.32.  Since 2002,

8    Plaintiff still could not obtain a decent job.  *Id.* at ¶ 3.33.  Plaintiff thought his

9    subsequent failed background checks were due to his 1993 DUI conviction.  *Id.* at

10   13-14, ¶ 3.51.

11       In 2016, Plaintiff was told he was not getting good jobs because he was a

12   rapist.  *Id.* at 14, ¶ 3.52.  On November 2, 2016, Plaintiff filed a motion in

13   Guierrez' underlying rape case to remove Plaintiff's personal identifiers and to

14   correct Plaintiff's criminal record.  *See id.* at 14-15, ¶ 3.56, Ex. 14.  The Yakima

15   County Superior Court granted Plaintiff's motion.  *Id.* at 15-16, ¶ 3.57.  While now

16   apparently corrected, Plaintiff complains that from 1997 until sometime after

17   November 4, 2016, the rape conviction remained on his criminal history.  *See id.* at

18   14, ¶¶ 3.54-3.55.

19   //

20   //

# DISCUSSION

## A. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a plaintiff must allege "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim and then determine whether those elements could be proven on the facts pled. *See Iqbal,* 556 U.S. at 675.

In this evaluation, the court should draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans & Assocs.,* 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678 (internal quotations, brackets and citation omitted).

"A district court may dismiss a claim if the running of the statute is apparent on the face of the complaint." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (internal quotation marks and brackets omitted).

1  "However, a district court may do so only if the assertions of the complaint, read

2  with the required liberality, would not permit the plaintiff to prove that the statute

3  was tolled." *Id.* (internal quotation marks omitted).

4       Accordingly, Plaintiff may not defeat a motion to dismiss on statute of

5  limitations grounds without properly pleading "sufficient factual matter . . . to state

6  a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  Plaintiff

7  must set forth sufficient factual matter (not legal conclusions) to establish either

8  the delayed accrual of the statute of limitations or the equitable tolling thereof,

9  because the Court need not accept "naked assertions devoid of further factual

10 enhancement." *Id.*; *see also Rutledge v. Boston Woven Hose & Rubber Co.*, 576

11 F.2d 248, 250 (9th Cir. 1978) (plaintiff "must plead with particularity the

12 circumstances surrounding the concealment and state facts showing his due

13 diligence in trying to uncover the facts.").

14      Here, Defendants renewed their dismissal motion on the grounds that

15 Plaintiff's claims are time barred and Plaintiff has failed to state a claim upon

16 which relief may be granted.  *See* ECF No. 17.

17 **B. Statutes of Limitations**

18      **i.  Defendants' Initial 12(b)(6) Motion**

19      Upon examination of Plaintiff's First Amended Complaint, this Court

20 previously decided that Plaintiff's claims accrued in the summer of 2002, when

Plaintiff discovered the mistaken rape conviction on his record. ECF No. 14 at 12-13. This Court declined to apply Washington's "discovery rule" despite Plaintiff's counsel's insistence during oral argument that Plaintiff did not discover until 2016 that the rape conviction originated in the Yakima Superior Court. *Id.* at 10. This Court also determined that Defendant's assurances that his criminal record would be fixed do not provide a basis under the equitable tolling doctrine to extend the statute of limitations for fourteen years because Plaintiff did not assert Defendants intended to mislead Plaintiff to thwart him from seeking legal redress. In addition, Plaintiff could not articulate any efforts he undertook from 2002 through July 25, 2016, to pursue his legal remedy or to confirm the corrections were made. *Id.* Notwithstanding, the Court permitted leave to amend to "set forth sufficient factual matter (*not legal conclusions*) to establish either the delayed accrual of the statute of limitations or the equitable tolling thereof . . . ." *Id.* at 18 (emphasis added).

### ii.  Defendants' Renewed 12(b)(6) Motion

Having carefully reviewed Plaintiff's Second Amended Complaint, and liberally construing all facts in the light most favorable to Plaintiff, the Court finds that Plaintiff's federal and state law claims accrued in the summer of 2002 when Plaintiff discovered the mistaken rape conviction on his record. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (federal civil rights claims

accrue "when the plaintiff knows or has reason to know of the injury which is the basis of the action.") (citation omitted).

After Plaintiff's discovery in 2002, he had three years to assert his 42 U.S.C. § 1983 claims. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (citations omitted) (stating that because Section 1983 does not contain its own statute of limitations, Washington courts apply the three-year statute of limitations codified in RCW § 4.16.080(2)); *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014) (the federal courts "apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.". . . "borrow[ing] no more than necessary.") (citations omitted).

The newly asserted facts in Plaintiff's Second Amended Complaint do not change the 2002 accrual date. *See* ECF Nos. 15 at 9, ¶ 3.31 (stating that Plaintiff "believed" he took steps in 2002 to "learn what, and whom" caused the false rape conviction and that he took care of it).

Turning to the statute of limitations exceptions, the Court also finds that Plaintiff has not shown that the discovery rule, equitable tolling doctrine, or the newly-asserted continuing tort doctrine apply to permit this untimely action to proceed. The Court addresses each in turn.

1    First, as to the discovery rule, Plaintiff continues to assert that he discovered

2    his wrongful conviction in 2002, but now alleges that he previously lived in Skagit

3    County in 1997 through 1999. ECF No. 15 at 6-7, ¶ 3.17. Plaintiff re-alleges his

4    counsel's prior representations that he only coincidentally went to the Yakima

5    County Clerk's Office because he lived in Yakima County at the time. *Id*.

6    Plaintiff hypothesizes that had he lived in a different county, he would have gone

7    to that county's clerk's office. *Id.* Plaintiff's speculative reasoning to support his

8    argument that he did not know, "and it was not reasonable to expect Plaintiff to

9    know," that Yakima County caused the incorrect rape conviction is belied by his

10   interactions with Yakima County. ECF Nos. 15 at 13, ¶ 3.46; 18 at 25. That is,

11   Plaintiff claims that he communicated with a Yakima County Deputy Clerk,

12   followed the Clerk's instruction to go to the Yakima County Sheriff's Office, and

13   called a number provided by the Clerk to fix his record. ECF No. 15 at 6-7, ¶¶

14   3.17-3.19. Plaintiff was never told that he was in the wrong court or denied

15   assistance by anyone employed by Yakima County. The assertion in his Second

16   Amended Complaint that it was unreasonable for him to know that the case was a

17   Yakima County action is nothing more than a legal conclusion that does not

18   change the fact that Plaintiff knew the elements of his claims in 2002, yet simply

19   chose not to pursue an action with diligence within the applicable statutory

20   limitation periods.

ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS ~ 10

1    Federal civil rights claims accrue "when the plaintiff knows or has reason to

2  know of the *injury* which is the basis of the action."  *Olsen*, 363 F.3d at 926

3  (citation omitted) (emphasis added). That is, "discovery of the injury, not

4  discovery of the *other elements* of a claim, is what starts the clock."  *Rotella v.*

5  *Wood*, 528 U.S. 549, 555 (2000).  A federal civil rights claim can accrue before a

6  plaintiff knows the identity of the defendant.  *See Dyniewicz v. United States*, 742

7  F.2d 484, 486 (9th Cir. 1984).  Diligence, or a lack thereof, play no part in the

8  analysis as the burden is on the plaintiff to determine the existence and source of

9  fault within the statute of limitation period.  *Id*. (citing *Davis v. United States*, 642

10  F.2d 328, 330 (9th Cir. 1981)).

11    Second, and for similar reasons, Plaintiff has not met the requirements for

12  equitable tolling, which requires "bad faith, deception, or false assurances by the

13  defendant and the exercise of diligence by the plaintiff."  *See In re Bonds*, 165

14  Wash. 2d 135, 141 (2008) (plurality opinion).  Importantly, "[c]ourts typically

15  permit equitable tolling to occur only sparingly, and should not extend it to a

16  'garden variety claim of excusable neglect.'"  *State v. Duvall*, 86 Wash. App. 871,

17  875 (1997) (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96

18  (1990)).

19    Although Plaintiff alleges that Defendants' actions between 1996 and 2002

20  were in bad faith and "with actual malice," Plaintiff does not allege any facts to

1   support that he exercised due diligence after his 2002 discovery to pursue his

2   claims.  Instead, Plaintiff merely re-alleges that he had "taken every step possible .

3   . . to learn what, and whom, had caused the issues with his incorrect criminal

4   history and had done everything he knew of to take care of his false criminal

5   history." ECF No. 15 at 11, ¶ 3.39.  In plain terms, Plaintiff elected to rely on

6   others to fix the erroneous record instead of bringing a cause of action, and

7   assumed—over the next fourteen years—that his record was correctly fixed.  *See*

8   *id.*  Plaintiff has not alleged facts showing he was prevented from timely pursuing

9   his claims or diligently seeking confirmation that his record was fixed.

10  Washington courts are "reluctant to apply exceptions to legislative time limits"

11  because doing so "would undercut finality of judgments, encourage untimely filing

12  and amendments to collateral attacks, and unjustifiably expand the narrow

13  equitable tolling exception." *In Re Bonds*, 165 Wash.2d at 143-44 (high burden).

14  The Court declines to apply equitable tolling to Plaintiff's federal causes of action

15  because, read with the required liberality, despite the opportunity to add new facts

16  to establish equitable tolling, Plaintiff's factual assertions do not permit him to

17  prove that that statute of limitations should be equitably tolled.  *See Jablon v. Dean*

18  *Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980).  Plaintiff could have commenced

19  an action in 2002, but failed to do so until 2016.  Equitable tolling simply does not

20  apply to the facts asserted in this case.

ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS ~ 12

1      Finally, Plaintiff argues that the continuing tort doctrine should apply to save

2  his untimely claims.  ECF Nos. 15, 18 at 27.  Even assuming arguendo that the

3  continuing tort doctrine could apply to some or all of Plaintiff's state law claims,

4  Plaintiff's 42 U.S.C. § 1983 claims are the claims for which this Court's pendant

5  jurisdiction rests, and the continuing tort doctrine does not apply to those claims.

6  *See Carpinteria Valley Farms, Ltd. v. Cty. of Santa Barbara*, 344 F.3d 822, 828

7  (9th Cir. 2003).  Because the statute of limitations has expired on Plaintiff's

8  alleged § 1983 constitutional claims, the Court declines to exercise its

9  supplemental jurisdiction over Plaintiff's state law claims for the reasons explained

10  below.

11      Construing all facts in Plaintiff's Second Amended Complaint liberally and

12  as true, the Court finds that Plaintiff's 42 U.S.C. § 1983 claims accrued in the

13  summer of 2002, when Plaintiff discovered the mistaken rape conviction.  Tolling

14  the statute of limitations period is not appropriate under the facts as pled.  Thus,

15  Plaintiff's 42 U.S.C. § 1983 claims are time-barred.

16  **C. Leave to Amend**

17      The Ninth Circuit has repeatedly instructed district courts to "grant leave to

18  amend even if no request to amend the pleading was made, unless . . . the pleading

19  could not possibly be cured by the allegation of other facts."  *Lopez v. Smith,* 203

20  F.3d 1122, 1130 (9th Cir. 2000) (en banc).  Even when a complaint fails to state a

ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS ~ 13

1    claim for relief, "[d]ismissal without leave to amend is improper unless it is clear

2    that the complaint could not be saved by any amendment."  *Harris v. Amgen, Inc.*,

3    573 F.3d 728, 737 (9th Cir. 2009) (citation and quotations omitted).  The standard

4    for granting leave to amend is generous. *See* Fed. R. Civ. P. 15(a)(2) ("The court

5    should freely give leave when justice so requires.").  In determining whether leave

6    to amend is appropriate, a court must consider the following five factors: bad faith,

7    undue delay, prejudice to the opposing party, futility of amendment, and whether

8    the plaintiff has previously amended the complaint.  *United States v. Corinthian*

9    *Colls.,* 655 F.3d 984, 995 (9th Cir. 2011).

10           The Court previously forewarned Plaintiff that he must allege facts which

11   would support tolling the statute of limitations.  ECF No. 14 at 17.  The Court also

12   cautioned Plaintiff that he "must plead with particularity the circumstances

13   surrounding the concealment and state facts showing his due diligence in trying to

14   uncover the facts."  *Rutledge*, 576 F.2d at 250.  However, Plaintiff offered no facts

15   showing that he diligently attempted to pursue a legal remedy until 2016, or that he

16   was prevented from doing so.

17           Against this backdrop, the Court finds that granting further leave to amend is

18   no longer appropriate.  First, although the Court finds no indication of bad faith or

19   undue delay at this early stage in the proceedings, the Court finds amendment

20   would be futile and, thus, prejudicial to Defendants.  Although Plaintiff has alleged

ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS ~ 14

detailed facts in his lengthy Second Amended Complaint, none cure the lapsed

statute of limitations problem nor provide a tolling basis.  The Court can no longer

conceive of any additional facts that could provide support for Plaintiff's untimely

claims.  Further leave to amend Plaintiff's Second Amended Complaint is no

longer warranted.

### D. Supplemental Jurisdiction

A federal court has supplemental jurisdiction over pendent state law claims

to the extent they are "so related to claims in the action within [the court's] original

jurisdiction that they form part of the same case or controversy . . . ."  28 U.S.C.

§ 1367(a).  "A state law claim is part of the same case or controversy when it

shares a 'common nucleus of operative fact' with the federal claims and the state

and federal claims would normally be tried together."  *Bahrampour v. Lampert*,

356 F.3d 969, 978 (9th Cir. 2004) (citation omitted).  Once the court acquires

supplemental jurisdiction over state law claims, § 1367(c) provides that the court

may decline to exercise jurisdiction if

> (1) the claim raises a novel or complex issue of State law, (2) the
> claim substantially predominates over the claim or claims over which
> the district court has original jurisdiction, (3) the district court has
> dismissed all claims over which it has original jurisdiction, or (4) in
> exceptional circumstances, there are other compelling reasons for
> declining jurisdiction.

1    28 U.S.C. § 1367(c).  Indeed, "[i]n the usual case in which all federal-law claims

2    are eliminated before trial, the balance of factors . . . will point toward declining to

3    exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ.*

4    *v. Cohill*, 484 U.S. 343, 350 n.7 (1988), superseded on other grounds by statute as

5    stated in *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *see*

6    *also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

7        Here, the Court declines to retain supplemental jurisdiction for several

8    reasons.  First, the Court has determined that Plaintiff's federal claims over which

9    the Court had original jurisdiction are time barred.  This triggers the Court's

10   discretion to decline exercising supplemental jurisdiction.  28 U.S.C. § 1367(c)(3);

11   *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (finding that a district court did

12   not abuse its discretion by declining to exercise supplemental jurisdiction over the

13   remaining state law claims when federal claims were dismissed).

14       Second, because this case is still at the early stages of litigation the parties

15   will not be greatly inconvenienced by the Court's decision to decline jurisdiction.

16       Third, state court is a particularly appropriate forum in which to address

17   Plaintiff's remaining state law claims because those claims are governed by state

18   law.  The values of judicial economy, convenience to the parties, fairness, and

19   comity would be no more advanced by retaining the case in this Court than by the

20   parties resolving the state law claims in state court.

ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS ~ 16

For all of these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Renewed Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 17) is **GRANTED** in favor of Defendants on Plaintiff's claims brought under 42 U.S.C. § 1983, and **DENIED** as moot as to Plaintiff's remaining state law claims; and

2. Plaintiff's state law claims are **DISMISSED** without prejudice.

The District Court Executive is directed to enter this Order, enter Judgment accordingly, provide copies to counsel, and close the file.

DATED: July 28, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS ~ 17